IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs January 29, 2020

**STATE OF TENNESSEE v. DANIEL WADE WILSON**

**Appeal from the Criminal Court for Sullivan County**
**No. S42735   William K. Rogers, Judge**

_____

**No. E2019-00772-CCA-R3-CD**

_____

Daniel Wade Wilson, Petitioner, challenges the trial court's denial of his motion filed pursuant to Tennessee Rule of Criminal Procedure 36.1 in which he sought to correct what he alleged was an illegal sentence for felony murder. Petitioner argues that the conviction violated the prohibitions against double jeopardy and that the trial court failed to follow the mandate of this Court after retrial. After a review of the record and the issues, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined. ROBERT H. MONTGOMERY, JR., J., not participating.

Daniel Wade Wilson, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Barry Staubus, District Attorney General; and Joseph Eugene Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Nearly twenty-one years ago, Petitioner murdered David Vestal at Steele's Creek Park, in Bristol, TN. *See State v. Daniel Wade Wilson*, No. E2000-01885-CCA-R3-CD, 2001 WL 872442, at *1 (Tenn. Crim. App. Aug. 2, 2001), *perm. app. denied* (Tenn. Mar. 11, 2002) ("*Wilson I*"). In what appears to be his fifth appeal, Petitioner is again challenging convictions resulting from his indictment by a Sullivan County Grand Jury for one count of first degree felony murder, one count of first degree premeditated murder, and one count of especially aggravated robbery. *Id*. At his first trial, Petitioner

was convicted of felony murder, second degree murder, and especially aggravated robbery. The trial court merged his convictions for felony murder and second degree murder and sentenced Petitioner to life imprisonment. The trial court also sentenced Petitioner to twenty-three years for especially aggravated robbery, and ordered the sentences to be served consecutively. *Id.*

On direct appeal, a panel of this Court reversed Petitioner's convictions for felony murder and especially aggravated robbery after determining that the trial court did not instruct the jury on lesser-included offenses. *Id.* at \*13, \*15. This Court affirmed Petitioner's conviction for second degree murder and instructed the trial court as follows:

> We reverse the Defendant's felony murder and especially aggravated robbery convictions, and remand the case for a new trial on both counts. The Defendant's conviction for second degree murder, which the trial court originally merged into the felony murder conviction, is hereby reinstated and remanded for sentencing. Following retrial of the felony murder count, the trial court is instructed to merge any resulting conviction of felony murder or of a lesser included offense with the Defendant's second degree murder conviction.

*Id.* at \*19. The Tennessee Supreme Court denied Petitioner's application for permission to appeal.

According to the judgment forms, the trial court sentenced Petitioner to twenty-five years for second degree murder on August 3, 2002. Petitioner was then retried for felony murder and especially aggravated robbery in January 2003 and convicted as charged of both counts. On March 17, 2003, he was sentenced to consecutive sentences of life imprisonment and twenty-three years, respectively. The judgment form for the felony murder count, which is included in the record on appeal, states in the special conditions section that the "[c]onviction for [second] degree murder in Count #1 will merge with this conviction." This Court affirmed Petitioner's convictions for felony murder and especially aggravated robbery on appeal. *State v. Daniel Wade Wilson*, No. E2003-02070-CCA-R3-CD, 2004 WL 1171710, at \*9 (Tenn. Crim. App. May 26, 2004), *no perm. app. filed* ("*Wilson II*").

Petitioner then filed a petition for post-conviction relief on July 7, 2008, alleging that he received ineffective assistance of counsel and that his confession was coerced. *See Daniel Wade Wilson v. State*, No. E2010-00451-CCA-R3-PC, 2011 WL 3911084, at \*2 (Tenn. Crim. App. Sept. 7, 2011), *perm. app. denied* (Tenn. Jan. 11, 2012) ("*Wilson III*"). Petitioner asserted that the statute of limitations should be tolled because his attorney failed to withdraw from representation and never filed an application to appeal

his case to the supreme court. *Id.* This Court held that Petitioner was not entitled to due process tolling of the statute of limitations and dismissed the appeal. *Id.* at *11.

On March 5, 2015, Petitioner filed pro se the petition for writ of habeas corpus alleging that the trial court failed to follow the instructions of this Court from his first appeal when it merged the conviction for second degree murder into the conviction for felony murder and that his conviction for felony murder violated the protection against double jeopardy because he was already serving his sentence for second degree murder. *Daniel Wade Wilson v. Randy Lee*, No. E2015-00791-CCA-R3-HC, 2015 WL 7424887, at *1 (Tenn. Crim. App. Nov. 23, 2015), *no perm. app. filed* ("*Wilson IV*"). The habeas corpus court entered an order summarily dismissing the petition and this Court affirmed its dismissal on appeal. *Id.* Specifically, this Court noted that we

> [D]isagree[d] with Petitioner's reading of this Court's instruction that the conviction for felony murder must be merged into the conviction for second degree murder. Under the law of merger, when the defendant is convicted under two alternative theories for the same offense, "the greater charge stands and the guilty verdict on the lesser charge merges into the greater charge." *State v. Banes*, 874 S.W.2d 73, 81 (Tenn. Crim. App. 1993), *overruled on other grounds by State v. Williams*, 977 S.W.2d 101, 105 (Tenn. 1998). Therefore, the trial court did not violate the law of the case doctrine when it merged Petitioner's conviction for second degree murder into his conviction for felony murder.

*Id.* at *3.

Subsequently, Petitioner filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, Petitioner complained that his sentence for felony murder was illegal because it violated double jeopardy and because the trial court did not follow the instructions with regard to merger given by this Court after retrial. The trial court denied the motion for failure to state a colorable claim. Petitioner appealed.

*Analysis*

On appeal, Petitioner claims that the trial court erred by dismissing his motion to correct an illegal sentence. Specifically, Petitioner argues that his sentence for felony murder violates the prohibitions against double jeopardy and that the felony murder sentence is illegal because the trial court did not follow this Court's instructions with regard to how he was to be sentenced for a second conviction following his retrial for first degree felony murder and the underlying felony of especially aggravated robbery.

Rule 36.1 provides that the petitioner "may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute. Tenn. R. Crim. P. 36.1(a)(2). If the motion states a colorable claim, the trial court shall appoint counsel if the petitioner is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b)(3). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law calling for de novo review. *Wooden*, 478 S.W.3d at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007).

Petitioner challenges his sentence in two ways – arguing that his sentence for felony murder violates double jeopardy and that the trial court did not follow this Court's instructions for sentencing after retrial. Neither of these complaints amount to a colorable claim. Petitioner's argument that a violation of double jeopardy occurred is an attack on his underlying convictions, not the legality of his sentence. *See State v. Travis Eugene Taylor*, No. M2017-00302-CCA-R3-CD, 2018 WL 703098, at *2 (Tenn. Crim. App. Dec. 13, 2017), *no perm. app. filed* (finding complaint that sentences violated double jeopardy was not a complaint that his sentence was illegal, but rather an attack on an underlying conviction and was not a colorable claim for purposes of relief under 36.1). Moreover, Petitioner's claim that the trial court failed to follow the instructions of this Court in *Wilson I* after retrial is an appealable error, as opposed to fatal error. Sentencing errors fall into three categories—clerical errors, appealable errors, and fatal errors. *Cantrell v. Easterling*, 346 S.W.3d 445, 449-52 (Tenn. 2011). Only fatal errors render sentences illegal. *Id.* at 452. Because Petitioner is complaining about an appealable error, it does not state a colorable claim. Additionally, as we noted above, this Court has already rejected Petitioner's argument. At the conclusion of *Wilson I*, this Court instructed the trial court as follows, "[f]ollowing retrial of the felony murder count, the trial court is instructed to merge any resulting conviction of felony murder or of a lesser included offense with [Petitioner's] second degree murder conviction." *Wilson I*, 2001 WL 872442, at *19. Here, Petitioner insists that this Court meant any felony murder conviction would be merged into the second degree murder conviction, essentially only allowing the trial court to sentence Petitioner to a maximum sentence for second degree murder. Not so. In *Wilson III*, 2015 WL 7424887, at *3, this Court "disagree[d] with Petitioner's reading of this Court's instruction that the conviction for felony murder must be merged into the conviction for second degree murder." Because Petitioner has failed to present a colorable claim, he is not entitled to relief.

- 4 -

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE